```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
_____

UNITED STATES OF AMERICA,      )
                               )
     Plaintiff,                )
                               )
v.                             )          No. 04-20361 Ml
                               )
NEGASSI RICHARDSON,            )
                               )
     Defendant.                )
                               )
_____

               ORDER ON DEFENDANT'S MOTION TO SUPPRESS
_____
```

This cause is before the Court on the motion of the defendant, Negassi Richardson, through his counsel, Michael Scholl, to suppress evidence seized from the defendant on March 30, 2004. It is undisputed that the drug evidence seized on that date was seized after the defendant arrived and parked in a parking lot behind the Fairfield Inn off Macon Road in the City of Memphis, Tennessee. The police investigation resulting in the detention of the defendant occurred based on information provided by a confidential informant and was part of a quickly organized criminal investigation.

Defendant contends that the tip provided by the informant did not provide the probable cause necessary to seize the defendant, that the informant was not considered "reliable" by the officers, that the information provided was insufficient in detail and did

not predict the defendant's behavior nor was it sufficiently corroborated, and that the officers' testimony that the odor of raw marijuana was detected as they approached the defendant's vehicle in the parking lot was insufficient to create probable cause to arrest the defendant.

The United States opposes the defendant's motion to suppress asserting (1) that the officers did not seize the defendant under the Fourth Amendment until after they had approached the automobile and actually smelled marijuana (at which time, the government asserts the officers had probable cause to arrest the defendant and search the automobile); (2) that even if the officers seized the defendant (that is, blocked his automobile and prevented his departure) before they smelled the marijuana or had probable cause to arrest the defendant, the officers had reasonable suspicion to detain the defendant, question him, and pat him down for weapons (thus, the government argues, neither the pat down nor the seizure of drugs from the defendant's pocket violated the Fourth Amendment and the <u>Terry</u> stop did not escalate into an arrest until the drugs were found on the defendant's person); and (3) even assuming that the pat down search of the defendant was unlawful, the drug evidence (crack cocaine, etc.) in his pockets would have inevitably been discovered via lawful means.

Three witnesses testified at the two-part hearing (the suppression hearing took place on February 3, 2006 and March 2, 2006). The witnesses were John Forrester, a detective with the Collierville Police Department; Kenneth Cardelli, a patrol officer with the Germantown Police Department and, at the relevant time, a detective with the Combined Services Unit; and the defendant, Negassi Dejuan Richardson.

## FACTS

At approximately noon on March 30, 2004, a cooperating individual informed Detective Forrester that a man possessing approximately nine ounces of crack cocaine would arrive at the Fairfield Inn at 6010 Macon Cove in Memphis, Tennessee, sometime in the evening of March 30, 2004. The informant arranged to purchase crack cocaine from the man at some point in the evening. According to Detective Forrester, the informant had previously provided reliable information resulting in two drug seizures and one arrest. The informant described the suspect as an African American male, approximately six feet tall with "longer" hair weighing approximately 180 pounds. The informant also told Detective Forrester:

>   -- a gentleman would arrive at the Fairfield
>   Inn at Macon and have in his possession nine
>   ounces of crack cocaine.  He also stated a
>   description of the individual, did not know
>   his full name, and stated that he would be
>   driving a newer model black Monte Carlo when
>   he arrived at the location and he would pull
>   around the back of the Fairfield Inn on what
>   he believed would be a transaction to occur at
>   that location.

Tr. at 10, 11-18 (February 3, 2006).  Detective Forrester further testified that the confidential informant told him that the suspect would arrive at the Fairfield Inn "sometime later that evening. The time was somewhat up in the air.  It was around 5:30 that afternoon until 7, 7:30.  The actual time was not set, but it would be sometime around that time, around those."  Id. at 11. Additionally, Detective Forrester testified that "the CI, he stated that he knew the guy, the gentleman to go armed occasionally in transporting that much narcotics, he felt like he would be armed." Id.

Detective Forrester testified that a black Monte Carlo eventually arrived at the location (it was observed coming down Macon Road and turning in the Fairfield Inn, proceeding to the back of the Fairfield Inn and backing into a parking space).

4

At that point in time, officers who had been positioned near the Fairfield Inn and within the parking lot (including Detective Cardelli) approached the Monte Carlo (essentially blocking it in with their automobiles). As the officers approached the defendant's vehicle on foot, the defendant opened the automobile door and, according to the officers who testified, there was a very strong odor of marijuana coming from within the car. Tr. at 14, 18, 113-15.

As the officers approached the automobile, some officers had their weapons drawn. Initially the defendant refused to get out of the automobile but eventually he exited the vehicle.

Detective Cardelli testified that he noticed that the defendant had large bulges in his right and left front pockets and that he immediately performed a pat down of the defendant detecting what "felt like hard objects in the pockets." Detective Cardelli asked the defendant what was in his pockets but when the defendant refused to answer, he reached into the right pocket and pulled out approximately nine ounces of crack cocaine in three plastic bags

plus a small bag of marijuana. Tr. at 115, 119. The defendant was then placed on the ground and arrested. The officers then searched the automobile and discovered a set of scales and some plastic sandwich bags. Tr. at 15, 121.

## ANALYSIS

While the defendant questions the officers' testimony that a strong smell of marijuana emanated from the vehicle as they approached it providing them probable cause (or at least reasonable suspicion), there is nothing in the record which seriously challenges the credibility of the testifying officers. Therefore, it appears that the officers had at least reasonable suspicion to proceed with their investigation and, based on the information provided by a reliable informant, cause to be concerned that the defendant might possess a weapon also.

Certainly the officers had a basis for a brief investigative detention of the defendant. There was information that the informant had been reliable in the past and the informant's information predicted the suspect's actions (he was in a black Monte Carlo, he drove to the rear parking lot behind the Fairfield Inn, and the physical description generally matched).

Defendant's motion to suppress is therefore DENIED.

IT IS SO ORDERED this 29th day of June, 2006.

s/ JON PHIPPS McCALLA  
UNITED STATES DISTRICT JUDGE